UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WALTER L. TAMOSAITIS, PHD, an individual, and SANDRA B. TAMOSAITIS, representing the marital community,

Plaintiffs,

vs.

URS CORPORATION a Delaware Corporation; URS ENERGY & CONSTRUCTION, INC., an Ohio Corporation, and the DEPARTMENT OF ENERGY,

Defendants.

No. CV-11-5157-LRS

**ORDER GRANTING MOTION TO DISMISS CLAIMS BY SANDRA TAMOSAITIS**

**BEFORE THE COURT** is the Motion To Summarily Dismiss All Claims By Sandra Tamosaitis (ECF No. 51) filed by Defendants URS Corporation[1] and URS Energy & Construction, Inc. ("URS Defendants"). This motion was heard with oral argument on May 3, 2012. Matthew W. Daley, Esq., argued for the URS Defendants. John P. Sheridan, Esq., argued for Plaintiffs.

[1] "URS Inc." was named as a Defendant in Plaintiffs' original Complaint (ECF No. 1), but there is no such entity. Plaintiffs' First Amended Complaint (ECF No. 7) dropped "URS., Inc." as a Defendant and added "URS Corporation" as a Defendant. In previous orders, the court used a caption identifying "URS, Inc." as a Defendant, but has now corrected the caption to name "URS Corporation" as a Defendant.

Plaintiff Sandra Tamosaitis joins her husband, Walter L. Tamosaitis, Ph.D., in asserting a cause of action against the Defendants for alleged violation of the whistleblowing provisions of the Energy Reorganization Act (ERA), 42 U.S.C. §5851. Only an "employee" can invoke the protection of the whistleblowing provisions. The alleged discrimination must be "related to or arise[] out of the employment relationship." *Connecticut Light & Power Co. v. Sec'y of U.S. Dept. of Labor*, 85 F.3d 89, 94 (2nd Cir. 1996). In Plaintiffs' First Amended Complaint (ECF No. 7), Mrs. Tamosaitis does not allege she is or ever was employed by any of the named Defendants. Furthermore, Mrs. Tamosaitis does not allege she personally engaged in any of the protected conduct set forth in §5851(a)(1) for which she personally suffered discrimination. Mrs. Tamosaitis's asserted state law community property interest in her husband's ERA claim is insufficient to confer standing upon her in an action governed by federal law which requires that a complainant be an employee who allegedly suffered discrimination relating to or arising out of her employment relationship.

For these reasons, the URS Defendants' Motion To Summarily Dismiss All Claims By Sandra Tamosaitis (ECF No. 51) is **GRANTED** and all claims asserted by her in this action are **DISMISSED** with prejudice. This dismissal is pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the ERA which can be granted.

**IT IS SO ORDERED**. The District Executive shall forward copies this order to counsel of record.

**DATED** this 1st of June, 2012.

***s/Lonny R. Suko***

LONNY R. SUKO
United States District Judge