UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER L. TAMOSAITIS, PHD, an individual, and SANDRA B. TAMOSAITIS, representing the marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>URS CORPORATION a Delaware Corporation; URS ENERGY & CONSTRUCTION, INC., an Ohio Corporation, and the DEPARTMENT OF ENERGY,<br><br>Defendants. | No. CV-11-5157-LRS<br><br>**ORDER GRANTING URS CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is the Motion For Summary Judgment (ECF No. 54) filed by Defendant URS Corporation.[1]  This motion was heard with oral argument on May 3, 2012. Matthew W. Daley, Esq., argued for URS Corporation. John P. Sheridan, Esq., argued for Plaintiffs.

---

[1] "URS Inc." was named as a Defendant in Plaintiffs' original Complaint (ECF No. 1), but there is no such entity. Plaintiffs' First Amended Complaint (ECF No. 7) dropped "URS., Inc." as a Defendant and added "URS Corporation" as a Defendant. In previous orders, the court used a caption identifying "URS, Inc." as a Defendant, but has now corrected the caption to name "URS Corporation" as a Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    1**

**EMPLOYER-EMPLOYEE RELATIONSHIP**

Defendant URS Corporation asserts it is not the employer of Walter L. Tamosaitis, Ph.D., but rather that Defendant URS Energy & Construction, Inc. (URS E & C) is his employer and therefore, the only proper Defendant in this lawsuit brought under the whistleblowing provisions of the Energy Reorganization Act (ERA), 42 U.S.C. §5851. URS Corporation is the ultimate parent company of URS E&C which is an "indirect subsidiary." There are two corporate layers in between. URS E & C Holdings, Inc., is URS E & C's immediate parent. URS E & C Holdings Inc.'s immediate parent is URS Holdings, Inc., which is the direct subsidiary of URS Corporation.

URS Corporation has not waived its right to seek summary judgment that it is not Dr. Tamosaitis's employer. URS Corporation was not named as a respondent in administrative proceedings until September 7, 2011, and those proceedings were dismissed on October 14, 2011. Plaintiff's original Complaint filed November 9, 2011, did not name URS Corporation as a defendant. In the Answer to the original Complaint filed on December 16, 2011, URS Defendants denied the existence of "URS, Inc." and admitted URS E & C had been identified by counsel for the URS Defendants as the entity employing Dr. Tamosaitis. (ECF No. 6 at Paragraphs 1.3 and 1.4). After URS Corporation was named as a Defendant in the First Amended Complaint on December 20, 2011, it brought the

///
///
///
///
///
///
///
///

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    2**

instant summary judgment motion.[2]

While it is true URS Corporation was named as a defendant in the prior Benton County Superior Court lawsuit (10-2-02357-4), removed for a brief period to U.S. District Court before being remanded (CV-10-5116-RHW), that was an action asserting a common law claim against URS Corporation for conspiracy to interfere with a contract or business expectancy. This claim did not require URS Corporation to be Dr. Tamosaitis's employer, unlike the present ERA claim which does. URS Corporation's presence in the Benton County action[3] does not constitute a waiver of its right to contest its presence in the instant action in this court. On August 24, 2011, when URS Corporation first filed an Answer in the Benton County action averring that URS E & C was Dr. Tamosaitis' employer, Plaintiffs promptly voluntarily dismissed all claims against URS Defendants.

Plaintiffs offer only speculation to support their contention that URS Corporation is Dr. Tamosaitis's employer. Plaintiffs have not offered evidence creating a genuine issue of material fact that the relationship between URS

---

[2] Plaintiffs did not seek leave of the court to file their First Amended Complaint on December 20, 2011, even though the URS Defendants filed an Answer to the original complaint on December 16, 2011 (ECF No. 6). This appears proper, however, pursuant to the 2009 amendments to Fed. R. Civ. P. 15 allowing amendment of a pleading as a matter of course within 21 days "after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' First Amended Complaint was filed just four days after URS Defendants' Answer to the original Complaint was filed.

[3] This presence included the filing of a 12(b)(6) motion regarding the civil conspiracy claim which was not ruled upon prior to remand by Judge Whaley. It was denied by the Benton County Superior Court subsequent to remand by Judge Whaley.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    3**

Corporation and URS E & C was anything other than a standard parent-subsidiary relationship which is insufficient to deem them a "single employer" with regard to Dr. Tamosaitis. No evidence is offered showing that URS Corporation, in any manner, directed the operations at the Waste Treatment Plant Project (WTP), nor is any evidence offered showing that a URS Corporation employee was involved in any of the events alleged in Plaintiffs' First Amended Complaint.

There is also insufficient evidence to raise a genuine issue of material fact that URS Corporation is a "joint employer" of Dr. Tamosaitis. There is no evidence creating a genuine issue of material fact that URS Corporation exercised operational control over URS E & C, that URS Corporation employees worked on the WTP, or that URS Corporation played any role in the events alleged in Plaintiffs' First Amended Complaint. As such, URS Corporation cannot be deemed Dr. Tamosaitis' employer under any theory.

Fed. R. Civ. P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order

Counsel for Plaintiffs has not presented an affidavit or declaration setting forth specific reasons why Plaintiffs have been unable to present facts essential to their opposition to URS Corporation's motion. Plaintiffs have submitted a declaration from an accountant (ECF No. 74) who reviewed corporate filings for URS Corporation and URS E & C and based thereon, opines that "it appears URS Corporation has financial and managerial control over URS Energy & Construction." This declaration confirms no more than that a standard parent/subsidiary relationship exists between URS Corporation and URS E & C.

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    4**

This is insufficient to raise a genuine issue of material fact that URS Corporation is an employer of Dr. Tamosaitis. *U.S. v. Bestfoods*, 524 U.S. 51, 69, 118 S.Ct. 1876 (1998).

There are no genuine issues of material fact precluding the court from ruling as a matter of law that URS Corporation is not, and never was, the employer of Dr. Tamosaitis. URS Corporation does not fit into any of the categories of "employers" listed in 42 U.S.C. § 5851(a)(2) and does not qualify as an "employer" under the common law test set forth in *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344 (1992). Accordingly, URS Corporation is not a proper Defendant under the ERA.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The first three administrative complaints filed by Dr. Tamosaitis with the Department of Labor (DOL) on July 30, 2010 (First DOL Complaint), December 15, 2010 (First Amended DOL Complaint), and September 1, 2011 (Second Amended DOL Complaint), named "URS, Inc." as a respondent.[4] There is no such entity as "URS, Inc.." It was not until September 7, 2011, in his "Corrected" Second Amended Complaint, that Dr. Tamosaitis first named URS Corporation as a respondent in the administrative proceedings. On that same date, Dr. Tamosaitis filed a "Notice Of Federal Filing" with DOL. Pursuant to that filing, his administrative complaint was dismissed by DOL on October 14, 2011. Because Dr. Tamosaitis did not have an administrative claim pending specifically against URS Corporation for one year before he "opted out" pursuant to 42 U.S.C. Section 5851(b)(4) and filed the instant suit in federal court on November 9, 2011, he did not exhaust administrative remedies against URS Corporation as required.

---

[4] Plaintiff Sandra Tamosaitis was never identified as a "Complainant" in any of the administrative complaints before DOL.

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-    5**

Accordingly, this court is without subject matter jurisdiction to hear ERA claims against URS Corporation.

The court previously found that Dr. Tamosaitis failed to exhaust administrative remedies with regard to Defendant United States Department of Energy (DOE). (ECF No. 97 at pp. 2-4). The same reasoning applies here and warrants a finding that the court is also without subject matter jurisdiction to hear ERA claims against URS Corporation. It appears Dr. Tamosaitis is procedurally barred from asserting any new administrative claims against URS Corporation regarding his July 2, 2010 transfer from the WTP because more than 180 days have passed since that occurred. Per 42 U.S.C. Section 5851(b)(1), an administrative complaint must be filed within 180 days of the alleged violation. By the time URS Corporation was finally added as a respondent in the "Corrected" Second Amended Complaint filed with DOL on September 7, 2011, more than 180 days had lapsed since Dr. Tamosaitis's July 2, 2010 transfer from the WTP.

**CONCLUSION**

Because URS Corporation is not Dr. Tamosaitis's employer and because, in any event, Dr. Tamosaitis did not exhaust administrative remedies against URS Corporation, URS Corporation's Motion For Summary Judgment (ECF No. 54) is **GRANTED**. URS Corporation is awarded judgment on the ERA claims asserted against it by the Plaintiffs. URS E & C is the only proper Defendant in this action as it is Dr. Tamosaitis's "employer" under the ERA, as acknowledged by counsel for the URS Defendants.

///
///
///
///
///

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT-    6**

1  **IT IS SO ORDERED**.  The District Executive shall forward copies this
2  order to counsel of record.
3      **DATED** this   1st    of June, 2012.

              *s/Lonny R. Suko*

              LONNY R. SUKO
              United States District Judge

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT-    7**