UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER L. TAMOSAITIS, PHD, an individual, and SANDRA B. TAMOSAITIS, representing the marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>URS CORPORATION, a Delaware Corporation; URS ENERGY & CONSTRUCTION, INC., an Ohio Corporation, and the DEPARTMENT OF ENERGY,<br><br>Defendants. | No. CV-11-5157-LRS<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** is the Plaintiffs' Motion For Entry Of Final Judgment (ECF No. 101) and Motion For Certification Of Interlocutory Appeal pursuant to 28 U.S.C. §1292(b) (ECF No. 104). These motions are heard without oral argument.

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs ask the court to enter final judgment with regard to its "Order Re DOE's Motion To Dismiss" (ECF No. 97). That order dismissed DOE (U.S. Department of Energy) as a Defendant, one of the grounds being Plaintiffs had not exhausted administrative remedies against DOE as required by the Energy Reorganization Act (ERA), 42 U.S.C. §5851.[1] When the

---

[1] The other grounds for dismissal were that Plaintiffs failed to establish an

**ORDER RE MOTION FOR ENTRY OF FINAL JUDGMENT,** *INTER ALIA* **- 1**

administrative complaint was dismissed by DOL on October 14, 2011, at the request of Dr. Tamosaitis, it had not been pending against DOE for a full year as required since DOE had not been added as a respondent until December 15, 2010. This court's dismissal of DOE was with prejudice because it was not apparent that Plaintiffs could re-institute administrative proceedings and exhaust their administrative remedies against DOE considering more than 180 days has now passed since the alleged violation of the ERA occurred, that being the July 2, 2010 transfer of Dr. Tamosaitis from the WTP.

In a subsequent separate order (ECF No. 100), the court granted summary judgment to URS Corporation as a Defendant, one of the grounds being Plaintiffs had not exhausted administrative remedies against URS Corporation as required by the ERA.[2] When the administrative complaint was dismissed on October 14, 2011, it had not been pending for a full year against URS Corporation which was added as a respondent on September 7, 2011. This court observed that it appeared Plaintiffs were now procedurally barred from seeking to exhaust administrative remedies against URS Corporation because URS Corporation had not been added as a respondent in the administrative proceedings until after 180 days had passed since the July 2, 2010 transfer of Dr. Tamosaitis from the WTP. Plaintiffs do not seek entry of a final judgment with regard to the order granting summary judgment

---

employer-employee relationship with DOE and requested relief that is unavailable under the ERA.

[2] Summary judgment was also awarded on the wholly independent basis there was no genuine issue of material fact that URS Corporation was not an employer of the Plaintiffs.

**ORDER RE MOTION FOR ENTRY OF FINAL JUDGMENT,** *INTER ALIA* **- 2**

to URS Corporation.

Rule 54(b) provides:

> When an action presents more than one claim for relief- whether as a claim, counterclaim, crossclaim, or third-party claim- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Entry of a final judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005).

Remaining Defendant, URS Energy & Construction, Inc. (URS E & C), has now filed a Motion For Summary Judgment (ECF No. 108), and one of the grounds raised is the alleged failure of Plaintiffs to exhaust administrative remedies with regard to URS E & C. URS E & C contends Plaintiffs did not exhaust administrative remedies against URS E & C for the same reason they did not exhaust those remedies against DOE and URS Corporation, and that they are now procedurally barred from seeking exhaustion of those remedies. The motion is noted for hearing with oral argument on September 20.[3]

If the court finds administrative remedies have not been exhausted with regard to URS E & C, and that Plaintiffs are now procedurally barred from pursuing those remedies, that will be the end of the case as to all of the named Defendants and final judgment will be entered from which an appeal can be taken. If, however,

---

[3] This court is scheduled to commence a bench trial on September 10 which may last as long as six weeks and therefore, may require rescheduling of the oral argument.

**ORDER RE MOTION FOR ENTRY OF FINAL JUDGMENT,** *INTER ALIA* **- 3**

the court finds administrative remedies have been exhausted with regard to URS E & C, the possibility exists that at the conclusion of the case, URS E & C will seek appellate review of this court's determination.  Consequently, if the court were to enter a Rule 54(b) final judgment as to DOE and an appeal were now taken seeking review on the issue of administrative exhaustion, a later appeal by URS E & C might present the same or a similar issue to the court of appeals.  There is also, however, the possibility a decision on an appeal from the entry of a Rule 54(b) final judgment as to DOE could be dispositive of the administrative exhaustion issue with regard to both URS Corporation and URS E & C such that there would not be a duplicative appeal at a subsequent date.

In any event, it is apparent the best course for now is to stay resolution of the Motion For Entry Of Final Judgment pending resolution of URS E & C's recently filed Motion For Summary Judgment.  The same goes for Plaintiffs' Motion For Certification Of Interlocutory Appeal pursuant to 28 U.S.C. §1292(b) (ECF No. 104) regarding the court's "Order Granting Motion To Strike Jury Demand" (ECF No. 99).  If the court grants URS E & C's Motion For Summary Judgment, a final judgment will be entered in favor of all Defendants.  All issues adjudicated, including administrative exhaustion and right to a jury trial, can then be appealed to the Ninth Circuit.  If summary judgment is not granted, the court will consider at that time whether certification of an interlocutory appeal is appropriate with regard to the issue of right to a jury trial.

Trial is not scheduled to commence until June 24, 2013, making it possible that if final judgment were entered with regard to DOE, and an interlocutory appeal certified regarding the right to a jury trial, those appeals could be heard and determined prior to trial.  If one or both of these occur, the court will consider how that may impact the existing trial schedule and whether any modification of the same is warranted.  A significant factor is the uncertainty of when the court will hear oral argument and rule on URS E &C's Motion For Summary Judgment.

**ORDER RE MOTION FOR ENTRY
OF FINAL JUDGMENT,** *INTER ALIA* **-  4**

1  For the reasons set forth above, Plaintiffs' Motion For Entry Of Final Judgment (ECF No. 101) and Motion For Certification Of Interlocutory Appeal pursuant to 28 U.S.C. §1292(b) (ECF No. 104), are **STAYED** pending resolution of URS E & C's Motion For Summary Judgment (ECF No. 108).

**IT IS SO ORDERED**. The District Executive shall forward copies this order to counsel of record.

**DATED** this 24th of July, 2012.

*/s/ Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER RE MOTION FOR ENTRY OF FINAL JUDGMENT-    5**