UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER L. TAMOSAITIS, PHD, an individual, and SANDRA B. TAMOSAITIS, representing the marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>URS CORPORATION a Delaware Corporation; URS ENERGY & CONSTRUCTION, INC., an Ohio Corporation, and the DEPARTMENT OF ENERGY,<br><br>Defendants. | No. CV-11-5157-LRS<br><br>**ORDER DENYING MOTION FOR DECISION REGARDING ATTORNEY FEE ALLOCATION,** *INTER ALIA* |

**BEFORE THE COURT** is "Plaintiff's Motion For Decision Regarding Attorney Fee Allocation (ECF No. 185)."

**I. BACKGROUND**

Calling this "Plaintiff's" motion is a misnomer because the fee dispute here is actually between Plaintiff's counsel, John Sheridan of the Sheridan Law Firm, P.S. (SLF), and MacDonald, Hoague & Bayless (MHB). Mr. Sheridan was a partner with MHB from January 1, 2013 until July 31, 2014. Mr. Sheridan represented Plaintiff, Walter L. Tamosaitis, PHD, from the inception of the captioned litigation in November 2011, through the settlement and dismissal of the same in September 2015

**ORDER DENYING
MOTION FOR DECISION -        1**

(ECF Nos. 183 and 184).  Mr. Sheridan brought this litigation with him when he joined MHB in January 2013, and took it with him when he left in July 2014.  Mr. Sheridan asserts MHB has received full payment for work on the captioned federal case and is making a claim in *quantum meruit* that it should receive an additional $73,000 for work performed on an appeal from a related state case which was unsuccessful.

Pursuant to 28 U.S.C. §2201, SLF seeks a declaratory judgment from the court "that under the ERA [Energy Reorganization Act, 42 U.S.C. §5801 *et. seq.*], reasonable attorney fees are appropriate for work done in the federal litigation, and appropriate for work done in the state litigation if the work done directly related to the federal trial (like work done on depositions and other discovery), but not for work done on the separate state appeal, which failed." (ECF No. 200 at pp. 2-3).  More precisely, SLF seeks a declaration that MHB hourly billings on the state claims that applied to the state appeal of the summary judgment dismissal of Bechtel National, Inc., under a common law tortious interference claim, did not further the federal case against Defendant URS, and thus are not attorney fees reasonably incurred under the ERA.  (ECF No. 200 at p. 7).  According to SLF:

> This motion is being filed because each law firm has an interest in the proceeds of the settlement reached in this case, and the allocation between the firms [SLF and MHB] **may** be determined by this Court's ruling regarding which fees generated in the related state case against Bechtel National, Inc. ("BNI") should be applied as reasonable fees in this case.

(ECF No. 185 at p. 2)(Emphasis added).

MHB asserts that pursuant to a contract between Mr. Sheridan and MHB, and equitable principles of *quantum meruit*, the court "should direct Mr. Sheridan to pay to MHB its *pro rata* share of the fee, calculated at either $334,560 (if the Court counts all work on both cases) or $606,308 (if the Court counts work on the federal case only)." (ECF No. 198 at p. 10).

//

**ORDER DENYING
MOTION FOR DECISION -         2**

## II. DISCUSSION

As the court pointed out in its order allowing MHB to intervene (ECF No. 197), while the Declaratory Judgment Act, 28 U.S.C. §2201, creates a federal remedy, it is not an independent basis for federal jurisdiction. Before declaratory relief can be granted, federal subject matter jurisdiction requirements must be satisfied. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876 (1950). That being the case, SLF and MHB were directed to address the issue of whether the court retains supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to adjudicate their dispute. §1367(a) vests jurisdiction in district courts having original jurisdiction of an action "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This court had original federal question over the ERA claim brought by Dr. Tamosaitis against the Defendants. 28 U.S.C. §1331.

Upon further review, it appears it is more appropriate to analyze this as a matter of "ancillary jurisdiction," as opposed to supplemental jurisdiction under 28 U.S.C. §1367(a). In *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80, 114 S.Ct. 1673 (1994), the Supreme Court explained the doctrine of ancillary jurisdiction as follows:

> Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

The first "purpose" is now largely embraced by §1367. Under the second prong, courts have exercised broad powers both during the pendency of a proceeding and

///
///

**ORDER DENYING
MOTION FOR DECISION -        3**

following its termination.[1]

"There is no debate that a federal court properly may exercise ancillary jurisdiction 'over attorney fee disputes collateral to the underlying litigation.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014)(quoting *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004)). "Moreover, such ancillary jurisdiction exists even after the underlying litigation has concluded." *Id*. "Thus, even years after the entry of a judgment on the merits[,] a federal court could consider an award of counsel fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447 (1990). It is, however, also true that "the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary." *Torlakson*, 762 F.3d at 791

This court finds the *Kokkonen* factors do not support the exercise of ancillary jurisdiction over SLF's motion. The same reasons the Fourth Circuit Court of Appeals gave in *Taylor v. Kelsey*, 666 F.2d 53 (4th Cir. 1981)(per curiam) for not exercising ancillary jurisdiction over a fee dispute between attorneys apply here. The fee dispute between SLF and MHB "did not arise as a matter of necessity from anything which occurred in the underlying proceedings." *Id*. at 54. There was a settlement in the underlying proceedings which did not leave any fee issue for this court to decide. SLF recognizes this by acknowledging that "**[h]ad** the case gone to trial in this Court, and **had** Dr. Tamosaitis prevailed, this Court **would** have determined whether an award of reasonable attorney fees against Defendant **would** have included fees generated during the state law appeal." (Emphasis added). As in *Taylor*, this court did not "have control over the fee in the sense that [it] was required

---

[1] There appears to be a question whether supplemental jurisdiction can attach following the final termination of the underlying action, which is the circumstance presented in this case. *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1039 (9th Cir. 2004).

**ORDER DENYING**
**MOTION FOR DECISION -    4**

to establish and distribute a fee." 666 F.2d at 54.² Instead, the instant controversy arises from a private dispute between two Washington residents, SLF and MHB. *Id*.

The dispute between SLF and MHB also bears some similarities to the situation in *Womack v. Dolgencorp., Inc.*, 957 F.Supp.2d 1350 (N.D. Ala. 2013). In that case, attorneys who were not party to a class action sought a portion of the fee awarded to class counsel following the settlement award in the class action, prompting class counsel to move to enforce the settlement agreement that purportedly exclusively awarded them the fee. The district court held it lacked supplemental jurisdiction to adjudicate the dispute, finding that neither of the *Kokkonen* "purposes" was presented by the dispute. The reasons given by the *Womack* court, 957 F.Supp.2d at 1358, also apply here. First, the facts underlying Plaintiff's ERA claims and those underlying MHB's claims for fees having nothing to do with each other. Secondly, the fee dispute between SLF and MHB was not made part of the settlement agreement or the order of dismissal and indeed, this court was wholly unaware of that potential dispute at the time it entered the order of dismissal based on the stipulation of the parties (Dr. Tamosaitis and URS Energy & Construction, Inc.) pursuant to their settlement. And

---

² The settlement agreement between Dr. Tamosaitis and Defendant URS Energy & Construction, Inc., did not acknowledge any fee dispute and did not include a provision for resolving it, unlike the situation in *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1301 (7th Cir. 1995), where the Seventh Circuit concluded the district court "had [ancillary] jurisdiction to approve the parties' independently negotiated settlement, and that jurisdiction of necessity encompassed the terms of the settlement agreement." And the captioned case is unlike *Grimes v. Chrysler Motors Corp.*, 565 F.2d. 841, 844 (2nd Cir. 1977), where the Second Circuit concluded the district court had ancillary jurisdiction to resolve a fee dispute between attorneys where the disputed funds had been deposited in the court registry.

**ORDER DENYING**
**MOTION FOR DECISION -        5**

as in *Womack*, no decision by this court on counsels' fee dispute will impact the settlement in any way. *Id*. at 1357.

Furthermore, even if this court were to determine the issue presented by SLF and did so in favor of SLF- that the MHB hourly billings on the state claims that applied to the state appeal of the summary judgment dismissal did not further the federal case- it would not necessarily resolve the ultimate issue of how the fee should be allocated between SLF and MHB.  This is apparent from the contract claims asserted by MHB and its position that it is entitled to significantly more than $73,000, as well as SLF's acknowledgment that "the allocation between the firms may be determined by this Court's ruling," not that it "will" be determined.  Thus, even if this court decided SLF's motion, such a decision would likely not "permit disposition by a single court" of the entirety of the fee dispute, *Kokkonen*, 511 U.S. at 379-80, and would amount to no more than an advisory opinion.  "In order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants **and a substantial likelihood that a favorable federal court decision will have some effect**."  *Westlands Water District Distribution District v. Natural Resources Defense Council, Inc.*, 276 F.Supp.2d 1046, 1050 (E.D. Cal, 2003), citing *Calderon v. Ashmus*, 523 U.S. 740, 118 S.Ct. 1694 (1998). (Emphasis added).

Finally, even if this court had ancillary or supplemental jurisdiction over MHB's contract claims, it would exercise its discretion to decline such jurisdiction.[3] As SLF notes, resolving such claims may well involve extensive discovery and fact-finding by this court, a task better suited to a state court in a new proceeding rather

---

[3] SLF contends the court should not exercise supplemental jurisdiction over MHB's contract claims because the underlying case is over and because those claims do not arise from the same transaction or occurrence.  For reasons set forth herein, *supra*, the court agrees.

**ORDER DENYING**
**MOTION FOR DECISION -         6**

than in a proceeding which has already concluded because of the resolution of the federal claims over which this court had original jurisdiction.

### III. CONCLUSION

"Plaintiff's Motion For Decision Regarding Attorney Fee Allocation (ECF No. 185)" is **DENIED**. SLF and MHB will need to resolve their dispute in state court, should judicial resolution be necessary. MHB's "Motion To Strike Parol Evidence And Statements Made In Settlement Negotiations" (ECF No. 201), is **DISMISSED** as moot.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to counsel for Plaintiff and to Timothy K. Ford, Esq., counsel for MHB.

**DATED** this __20th__ of January, 2016.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING
MOTION FOR DECISION-           7**